HENRY C. MINER, Appellant, v. AUGUSTIN DALY, Respondent.

*Purchase of the exclusive right to produce a play — representations as to the vendor's rights in the play.*

The complaint in an action brought to recover damages because of the alleged false and fraudulent representations of the defendant as to his sole right to produce in the United States a certain French play, alleged to have been made on the purchase by the plaintiff from him of the exclusive right to produce the play in the United States for a certain period, *held*, to have been properly dismissed on the trial, on the ground that the plaintiff's evidence failed to establish a cause of action.

APPEAL by the plaintiff, Henry C. Miner, from a judgment of the Supreme Court, dismissing the complaint on the merits, entered on the decision of the court, rendered at the New York Circuit on the 23d day of November, 1892.

*A. H. Hummel,* for the appellant.

*Stephen H. Olin,* for the respondent.

FOLLETT, J.:

In the autumn of 1888 the plaintiff was in Paris, France, where he saw a play acted at the City Theater and at the Ambigu Theater, known as "Roger La Honte." He called on Mr. Chizzola, the manager of the Ambigu Theater, and asked if he could purchase the right to produce the play in America. Mr. Chizzola told him that he had sold the right to the defendant. Afterwards the plaintiff entered into negotiations with Mr. Dorney, Mr. Daly's manager, who told the plaintiff that Mr. Daly had purchased the play of Mr. Chizzola and had the sole right to produce it in this country. On the 5th of February, 1889, the parties to this action entered into a written contract, in which it was recited: "Whereas the said Daly has the sole right to produce in the United States and Canada a certain play entitled 'Roger La Honte' * * * Now, this agreement witnesseth: That, in consideration of the sum of five thousand dollars ($5,000) paid by the said Miner to the said Daly, the receipt whereof is hereby acknowledged, and of the covenants hereinafter contained on the part of the said Miner to be performed, the said

Daly hereby agrees to sell, and by these presents does sell, assign and set over, unto the said Miner, all the right, title and interest of the said Daly in and to the said' play 'Roger La Honte,' together with the exclusive right to produce the same, but only for one year, commencing on the 11th day of November, 1889."

The plaintiff expended moneys — the amount was not shown — in preparing to produce the play, which was acted by his troupe in various cities of the United States. While it was so being acted by the plaintiff's company, a similar play bearing the same name was also acted in various cities of the United States. The plaintiff called on the defendant to protect the right which he had purchased. This the defendant declined to do, placing his refusal on the ground of want of power. The plaintiff did not rescind the contract and sue for the return of the consideration paid and damages, but continued to produce the play and afterwards brought this action to recover damages, on the ground that the defendant falsely and fraudulently, and with intent to deceive the plaintiff, represented that he had the sole right to produce the play in the United States and Canada. It is also alleged in the complaint that Daly had not this right.

On the trial the plaintiff testified that the alleged representations were made by the defendant's business manager, but did not show that they were known to be false by the defendant or by his manager. The plaintiff failed to show that the defendant did not have the exclusive right to produce the play in this country, but rested his case on showing that others produced a similar play. Whether they had a right to produce it or were mere violators of the plaintiff's right was not shown. No evidence of any damage was given beyond proof of the payment of the purchase price. How much the plaintiff lost, if anything, by his purchase or by the production of a similar play by others, was neither shown nor attempted to be shown.

Under this state of the evidence it is clear that no cause of action was established, and that the court did not err in dismissing the complaint. The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and BARRETT, J., concurred.

Judgment affirmed, with costs.